UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALDEZ, CDCR #E-98488,<br><br>                              Plaintiff,<br>vs.<br><br>DR. MARQUEZ,<br><br>                              Defendant. | Case No.: 21-cv-1500-MMA (RBM)<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE** |

On August 24, 2021, Ricardo Valdez ("Valdez"), currently incarcerated at the Richard J. Donovan State Prison ("RJD") located in San Diego, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. No. 1. Valdez did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Doc. No. 2.

On October 7, 2021, the Court granted Valdez's IFP motion, dismissed some of the claims in his complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and gave Valdez sixty (60) days within which to notify the Court of his intent to proceed with his undismissed claims or file an Amended Complaint that cured the pleading deficiencies outlined in the Court's October 7, 2021 Order. Doc. No. 4.

On November 8, 2021, an Amended Complaint was filed in this case, but the Plaintiff was no longer identified as Valdez. Instead, Raul Arellano was listed as the Plaintiff. *See* ECF No. 5 ("FAC").

## DISCUSSION

The allegations in the Amended Complaint are the same as those in the original Complaint. *Compare* Doc. No. 1 at 3–5 *with* FAC at 3–8. The named Plaintiff, however, has changed. In the original Complaint, the Plaintiff is identified as "Ricardo Valdez." Doc. No. 1 at 1. In the Amended Complaint, however, the Plaintiff is identified as "Raul Arellano." FAC at 1.

A pro se litigant cannot represent anyone but himself and does not have the authority to assert others' claims vicariously. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (same); *see also Simon v. Hartford Life Ins. Co.*, 546 F.3d 661, at 664–65 (9th Cir. 2008) (citing cases "adher[ing] to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); CivLR 83.11 ("Any person who is appearing propria persona, (without an attorney) (i.e. pro se) must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney."). Therefore, because Arellano may not represent Valdez's interests in this case, it is subject to dismissal. *See id.* ("Any person appearing propria persona is bound by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim.P., as appropriate. Failure to comply therewith may be ground for dismissal or judgment by default.").

## CONCLUSION

In its October 7, 2021 Order, the Court concluded that Valdez had stated an Eighth Amendment claim against Defendant Marquez but dismissed Valdez's retaliation claim against Marquez for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and

§ 1915A(b).  Doc. No. 4.  Because Arellano is not permitted to represent Valdez, the Court **DISMISSES** the Amended Complaint without prejudice.  The Court **GRANTS** Plaintiff **RICARDO VALDEZ** thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all of the deficiencies of pleading noted in this Order and the Court's October 7, 2021 Order.  Valdez's Amended Complaint must be complete in itself without reference to his original pleading.  Any Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED**.

Dated:  January 5, 2022

HON. MICHAEL M. ANELLO
United States District Judge